■ DONALD A. MINER, Respondent, v CITY OF GLENS FALLS et al., Appellants.—Kane, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered May 19, 1989 in Warren County, which denied defendants' motion for summary judgment dismissing the first and third causes of action in the complaint.

The issue on this appeal concerns the termination of plaintiff's employment as a sergeant in the City of Glens Falls Police Department. The terms of that employment were delineated in a collective bargaining agreement pursuant to which plaintiff allegedly submitted a written grievance in response to his termination. Defendant Chief of Police denied knowledge of the grievance and, accordingly, no action was taken thereon. Plaintiff subsequently commenced the action herein,

alleging, *inter alia,* that defendants breached the grievance and discipline provisions of the collective bargaining agreement and violated Civil Service Law §§ 75 and 76. Supreme Court denied defendants' motion to dismiss these causes of action and this appeal ensued.

We affirm. Although, generally, an aggrieved employee who is subject to a collective bargaining agreement's grievance procedures must seek redress pursuant to the agreement *(see, e.g., Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508, *cert denied sub nom. Matter of Margolin v Board of Educ.,* 485 US 1034), we agree with Supreme Court that significant questions of credibility and concomitant issues of fact exist as to whether the parties have complied with the collective bargaining agreement. Therefore, in our view, summary judgment on the remainder of plaintiff's complaint would be premature.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.